**UNITED STATES of America, Appellee,**

v.

**William Emanuel ALLEN, Appellant.**

**Nos. 86–3051, 86–3069.**

United States Court of Appeals,
Third Circuit.

Argued Aug. 4, 1986.

Decided Oct. 30, 1986.

Rehearing and Rehearing En Banc
Denied Dec. 1, 1986.

Thomas S. White (argued), Asst. Federal Public Defender, Pittsburgh, Pa., for appellant.

Paul J. Brysh (argued), U.S. Attorney's Office, Pittsburgh, Pa., for appellee.

Before SEITZ, ADAMS and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Defendant William Emanuel Allen appeals from a judgment of sentence in the United States District Court for the Western District of Pennsylvania. We have jurisdiction of this appeal under 28 U.S.C. § 1291.

### I.

On February 12, 1985, a federal grand jury returned a thirteen count indictment against Allen and two co-defendants based on various drug offenses. In particular, count 10 charged Allen with conducting a Continuing Criminal Enterprise (C.C.E.) in violation of 21 U.S.C. § 848. On November 11, 1985, during the pendency of this indictment, a second indictment was returned charging Allen with various firearm offenses and with possession of cocaine with the intent to distribute.

On January 7, 1986, the district court held a hearing at which Allen changed his plea to guilty on all charges in both indictments. The plea was accepted only after a government agent summarized the United States' evidence against Allen. Throughout the colloquy, Allen indicated some uncertainty whether his conduct fell within the C.C.E. count. Specifically, Allen questioned whether the underlying conduct met the requirement that it be undertaken "in concert with five or more other persons with respect to whom [defendant] occupies a position of organizer, a supervisory position, or any other position of management." 21 U.S.C. § 848(b)(2)(A). Allen did not admit to supervising five people. The government agent, however, testified as to the government's evidence supporting each element of the C.C.E. offense.

After accepting the plea, the district court sentenced Allen to twenty years for the C.C.E. offense. Allen agreed to forfeit his interest in all real and personal property listed in count 10 of the first indictment. Allen also received a special life parole term. All other sentences and probations from these convictions run concurrently with the C.C.E. sentence.

### II.

Federal Rule of Criminal Procedure 11 sets out the procedures and conditions for entry of a guilty plea. Rule 11(f) provides:

(f) **Determining Accuracy of Plea.** Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

Under Rule 11(f), before entering a judgment on a defendant's guilty plea, the district court must be subjectively satisfied that a factual basis exists for the plea whether or not the defendant admits each substantive element of the charge. *See United States v. Dayton,* 604 F.2d 931 (5th Cir.1979). The district court must also find a factual basis for each element of the crime. *See United States v. Trott,* 779 F.2d 912 (3d Cir.1986). The court may look to the defendant's own admissions, the government's proffer of evidence or the presentence report in making this determination. *See* Notes of Advisory Committee on Rules, 1966 Amendment to Rule 11; *see also United States v. Trott,* 779 F.2d at 914. The purpose of Rule 11(f) is to "protect[ ] against false pleas, not involuntary

ones." *United States v. Romanello*, 425 F.Supp. 304 (D.Conn.1975).

The present record is ambiguous whether the district court accepted the plea because it believed the government's presentation provided a factual basis for the plea or because it mistakenly believed Allen had admitted to conduct constituting the supervisory element of the C.C.E. count. The relevant portion of the colloquy follows:

THE COURT: Do you have anything that you want to put on the record, with regard to the testimony of the agent, at this time?

THE DEFENDANT: No; I don't.

(DISCUSSION BETWEEN THE DEFENDANT AND HIS COUNSEL)

THE DEFENDANT: I am not satisfied, Your Honor, with the five people I was supposed to organize and supervise. I am not satisfied with that.

THE COURT: The agent has testified to incidents where you allegedly went to New York and to Baltimore with a certain person for the purpose of purchasing drugs. Do you admit or deny that you did make trips to Baltimore for the purpose of buying and/or selling drugs or—do you admit that?

THE DEFENDANT: Yes.

THE COURT: You admit that. He has testified to certain transactions with regard to Joan Sberna. Do you admit or deny that those things occurred?

THE DEFENDANT: I deny that.

THE COURT: You deny that you had any dealings with Joan Sberna with regard to sale through her?

THE DEFENDANT: What was said here?

THE COURT: Yes.

THE DEFENDANT: Some things are true, and some aren't. That is why I said I deny some of them.

THE COURT: Did you, at any time during the course of the period specified in Count 10, which is 1980 through sometime in 1984, deal or use Joan Sberna in connection with the purchase or sale, directly or indirectly, of cocaine or heroin, regardless of whether you agree to the specific substance, but, during this period of time, did you in fact?

THE DEFENDANT: Yes.

THE COURT: And with Anthony Sberna?

THE DEFENDANT: Yes.

THE COURT: Did you deal with the bartender in Braddock?

THE DEFENDANT: Yes.

THE COURT: A person mentioned in East Hills—in the East Hills district of Pittsburgh?

THE DEFENDANT: No.

THE COURT: Eugene Stewart?

THE DEFENDANT: No.

THE COURT: Did you have any individuals, during this period of time, who packaged, cut, weighed or did any of those things related to drugs, cocaine or heroin?

THE DEFENDANT: Just the first one you mentioned, yes.

THE COURT: Anybody else?

THE DEFENDANT: No.

THE COURT: No other person?

THE DEFENDANT: No other person.

(DISCUSSION BETWEEN THE DEFENDANT AND HIS COUNSEL)

THE COURT: We had Anthony and Joan Sberna, a bartender in Braddock, East Hills, and the one confidential informant. That is at least five, and so we will consider that sufficient. Do you deny anything else that was stated by the agent?

THE DEFENDANT: No.

THE COURT: In other words, you are admitting that you did, in fact, do what you were charged with doing as stated by the agent?

THE DEFENDANT: Yes.

One fair interpretation of these remarks is that the district court mistakenly under-

stood Allen to have admitted to supervising five people. An alternative interpretation is that the court relied on the government's presentation and found a factual basis for that element.

■ Although it is not our function under Rule 11(f) to decide whether the record provides a factual basis for the plea, we cannot say that a district court has satisfied its legal obligations under the rule where it appears that its finding of a factual basis is premised upon a misunderstanding of what the defendant has admitted. Because the district court may have based its finding on the erroneous assumption that Allen admitted to supervising five people, the requirements of the rule have not been satisfied at this point.

We must now determine what is the appropriate remedy.

### III.

In *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court determined that noncompliance with Rule 11 procedures is inherently prejudicial. The Court held:

> [A] defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedures provided for in Rule 11. This decision is based solely upon our construction of Rule 11 and is made pursuant to our supervisory power over the lower federal courts.

*Id.* at 463–64, 89 S.Ct. at 1169. In *McCarthy*, the district court accepted the defendant's guilty plea without personally addressing the defendant and determining whether he understood the charges against him and the consequences of entering a guilty plea. Nor did the district court determine whether there was a factual basis for the plea.[1]

In deciding that McCarthy was entitled to plead anew, the Court rejected an alternative remedy that would require only an evidentiary hearing where the United States would have the burden of proof on the issue of voluntariness. The Court viewed Rule 11 as serving two functions: first, to require district court inquiry into the voluntariness of the plea and defendant's understanding of the charges and the consequences of the plea—that is, an inquiry into the defendant's state of mind; and, second, to produce a factual record to support the district court's determination of voluntariness in postconviction attacks. The Court viewed any remedy for noncompliance that would require a defendant to rebut the government's prima facie showing of voluntariness as unfair from the defendant's perspective. Further, the proposed alternative would do violence to Rule 11's design of eliminating the need for later fact-finding. See *id.* at 469, 89 S.Ct. at 1172.

Since the requirement under Rule 11(f) is substantially the same today as when the Supreme Court decided *McCarthy*, we must decide whether Allen's plea must be set aside to afford him the chance to enter a new plea.

In *McCarthy*, the district court failed to expose the defendant's state of mind through personal interrogation. See *id.* at 467, 89 S.Ct. at 1171. Consequently, the record did not show that McCarthy voluntarily and knowingly entered a plea of guilty. In contrast, Allen was personally

---

**1.** *McCarthy* involved an earlier and much less complex version of Rule 11:

> A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with the understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that an adequate factual basis exists for the plea.

questioned by the district court. The record supports a finding that Allen entered the plea voluntarily and knowingly and that he understood the elements of the C.C.E. offense. The sole defect in the present record involves the district court's state of mind in accepting the plea. Even though the court could have relied on the government's evidence in finding a factual basis for the plea, the record shows the court may have entertained the mistaken belief that Allen admitted to supervising five people.

■ We believe this difference between the *McCarthy* error and the present error justifies a different remedy. In *McCarthy*, the defendant was entitled to have the district court determine whether the guilty plea was voluntary. The district court's failure to protect this right entitled the defendant to plead anew. In contrast, the district court here was required to satisfy itself that a factual basis existed for the plea. This protection can be accorded Allen by remanding the case to allow the district court to make its determination without any need to expand the record.

The sentence will be vacated and the case remanded solely to allow the district court to determine whether it is satisfied that there is a factual basis for the plea and then to proceed in accordance with its determination.