**UNITED STATES of America**

v.

**William Emanuel ALLEN.**

**Crim. Nos. 85–24, 85–246.**

United States District Court, W.D. Pennsylvania.

March 24, 1987.

Linda Kelly, Asst. U.S. Atty., U.S. Atty.'s Office, W.D. Pa., Pittsburgh, Pa., for plaintiff.

Thomas S. White, Asst. Federal Public Defender, Federal Public Defender's Office, W.D. Pa., Pittsburgh, Pa., for defendant.

## OPINION

DIAMOND, District Judge.

These cases are here on remand from the United States Court of Appeals for the Third Circuit following defendant's appeal from the judgments of conviction entered and sentence imposed by this court on January 7, 1986. In its opinion of October 30, 1986, 804 F.2d 244, the Court of Appeals vacated the sentence and stated that it was remanding the cases "solely to allow the district court to determine whether it is satisfied that there is a factual basis for the plea...." [1]

For the reasons which follow, the court reasserts the determination which it made at the time it entered judgment and imposed sentence on January 7, 1986, that it was satisfied from matters of record other than defendant's statements at the plea hearing that there was a factual basis for the defendant's guilty plea to all charges, including the C.C.E. charge.

On January 7, 1986, the day that trial was scheduled to commence in these cases, the defendant and the government entered into a plea bargain whereby the defendant agreed to plead guilty to all counts of the seven-count indictment at Criminal 85–246 and the thirteen-count indictment at Criminal 85–24, which included a charge that the defendant had conducted a C.C.E. in violation of 21 U.S.C. § 848. The plea agreement was made pursuant to Rule 11(e)(1)(C), Fed.R.Crim.P., and provided that the defendant would be sentenced under the C.C.E. count to a term of imprisonment of twenty years and to the forfeiture of certain property, and in addition that he would be sentenced for certain drug-related offenses under 21 U.S.C. § 841 to a special parole term for the remainder of his life.

Following an exhaustive plea hearing which lasted over two hours, the court accepted the defendant's plea and indicated that it was prepared to sentence the defendant in accordance with the terms of the plea bargain. When asked by the court if he had anything to say in behalf of his client before sentence was imposed, counsel for the defendant stated: "Your honor, the only thing that I would say is that Mr. Allen has entered into the plea bargain voluntarily and that we ask that your Honor carry out the plea bargain." App. 76A.[2] The defendant declined to say anything on his own behalf; the court sentenced him precisely in accordance with the plea bargain, and the appeal followed.

In his appeal the defendant contended that the plea was not entered voluntarily and knowingly and further that it "was deficient under Rule 11 of the Federal Rules of Criminal Procedure." Counsel for appellant argued in his behalf that Rule 11(f), Fed.R.Crim.P., required the court to find a factual basis for the plea solely from the defendant's admissions and that the court erred because it erroneously believed that the defendant admitted to organizing and supervising the requisite five people under the C.C.E. charge when, in fact, the defendant admitted only to four. In support of this, the appellant cited that portion of the plea hearing which is found at App. 71A–73A, and which is quoted by the Court of Appeals in its opinion at pp. 246–47:

> THE COURT: Do you have anything that you want to put on the record, with regard to the testimony of the agent, at this time?
>
> THE DEFENDANT: No; I don't.
>
> (DISCUSSION BETWEEN THE DEFENDANT AND HIS COUNSEL)
>
> THE DEFENDANT: I am not satisfied, Your Honor, with the five people I was

---

1. The mandate of the Court of Appeals was stayed until March 12, 1987, while the defendant petitioned unsuccessfully for rehearing in that court and for certiorari in the United States Supreme Court.

2. The entire transcript of the plea and sentence was made part of the defendant's Appendix on appeal, and our references will be to the Appendix page numbers ("App. ___A").

supposed to organize and supervise. I am not satisfied with that.

THE COURT: The agent has testified to incidents where you allegedly went to New York and to Baltimore with a certain person for the purpose of purchasing drugs. Do you admit or deny that you did make trips to Baltimore for the purpose of buying and/or selling drugs or—do you admit that?

THE DEFENDANT: Yes.

THE COURT: You admit that. He has testified to certain transactions with regard to Joan Sberna. Do you admit or deny that those things occurred?

THE DEFENDANT: I deny that.

THE COURT: You deny that you had any dealings with Joan Sberna with regard to sale through her?

THE DEFENDANT: What was said here?

THE COURT: Yes.

THE DEFENDANT: Some things are true, and some aren't. That is why I said I deny some of them.

THE COURT: Did you, at any time during the course of the period specified in Count 10, which is 1980 through sometime in 1984, deal or use Joan Sberna in connection with the purchase or sale, directly or indirectly, of cocaine or heroin, regardless of whether you agree to the specific substance, but, during this period of time, did you in fact?

THE DEFENDANT: Yes.

THE COURT: And with Anthony Sberna?

THE DEFENDANT: Yes.

THE COURT: Did you deal with the bartender in Braddock?

THE DEFENDANT: Yes.

THE COURT: A person mentioned in East Hills—in the East Hills district of Pittsburgh?

THE DEFENDANT: No.

THE COURT: Eugene Stewart?

THE DEFENDANT: No.

THE COURT: Did you have any individuals, during this period of time, who packaged, cut, weighed or did any of those things related to drugs, cocaine or heroin?

THE DEFENDANT: Just the first one you mentioned, yes.

THE COURT: Anybody else?

THE DEFENDANT: No.

THE COURT: No other person?

THE DEFENDANT: No other person.

(DISCUSSION BETWEEN THE DEFENDANT AND HIS COUNSEL)

THE COURT: We had Anthony and Joan Sberna, a bartender in Braddock, East Hills, and the one confidential informant. That is at least five, and so we will consider that sufficient. Do you deny anything else that was stated by the agent?

THE DEFENDANT: No.

THE COURT: In other words, you are admitting that you did, in fact, do what you were charged with doing as stated by the agent?

THE DEFENDANT: Yes.

In its opinion, the Court of Appeals concluded that the plea had been made voluntarily and knowingly and rejected the argument that Rule 11(f) required the court to rely solely on the defendant's admissions for its finding that there was a factual basis for the plea. But in remanding, it referred to the above-quoted colloquy between the defendant and the court and concluded:

One fair interpretation of these remarks is that the district court mistakenly understood Allen to have admitted to supervising five people. An alternative interpretation is that the court relied on the government's presentation and found a factual basis for that element. P. 246–47.

And at p. 248 stated:

Even though the court could have relied on the government's evidence in finding a factual basis for the plea, the record shows the court may have entertained the mistaken belief that Allen admitted to supervising five people.

In view of the ambiguity, the Court remanded the case for this court to determine "without any need to expand the record" ... "whether it is satisfied that there is a

factual basis for the plea and then to proceed in accordance with its determination." P. 248.

We agree that the quoted excerpt from pages 71A–73A of the plea and sentence transcript standing alone is ambiguous. However, as one reads a bit further in the transcript it becomes quite clear that the court did not "mistakenly under[stand] Allen to have admitted to supervising five people," but rather that the court relied on other sources for this finding and that, therefore, the court properly found a factual basis for the plea.

Immediately prior to the court's quoted discussion with the defendant, Agent Larry Carroll of the DEA had testified at length as to the government's evidence on the C.C.E. charge. During his testimony, Agent Carroll identified at least fifteen individuals by name, description, or specific activity in Allen's drug operation, whom the government was prepared to prove Allen had organized or supervised. App. 50A–60A. And, of course, it was to this testimony that the court invited the defendant Allen to respond. When he stated that he was not satisfied that he had supervised or organized five, the court selected five persons at random out of the fifteen Agent Carroll had testified to and asked the defendant about his connection with these people. As the record indicates, the defendant agreed essentially with Agent Carroll's testimony, but denied involvement with one or two of the five persons the court had selected. At this point, the court did not pursue it further. Instead, it simply repeated the five "names" which it had selected from the Agent's testimony and concluded that they were sufficient.

It became absolutely clear moments later that in doing this the court was *discounting*, rather than *miscounting*, Allen's testimony regarding his supervisory role in his extensive drug operation. For immediately after accepting the plea at App. 75A, but, as required by Rule 11(f), Fed.R.Crim.P.,

before entering judgment thereon, the court, commencing at App. 78A, stated: [3]

All right. The Court, of course, has heard all the details of the plea agreement, and it has agreed to the terms of the plea agreement. The Court has agreed to the terms of the plea agreement for a number of reasons: First of all, the Court is satisfied, *from previous proceedings, hearings and other matters*, that have come up with regard to this same case, *and particularly with regard to the information supplied to the Court today, that the government— the evidence which the government has*, in fact, indicates that the defendant is guilty as charged as to all counts of the two indictments, *including the continuing criminal enterprise charge.*

I recognize that the defendant has some misgivings as to whether or not he, in fact, managed or organized or supervised the requisite number of individuals to constitute the offense as predicate or an element under the continuing criminal enterprise charge, *but the Court is more than satisfied that, under the law, a jury would be permitted to find and, in fact, probably should find that the defendant did, in fact, organize and manage the requisite, predicate number of individuals.* (emphasis supplied).

Thus, the court, fully complied with the requirement of Rule 11(f), Fed.R.Crim.P., that it "not enter judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea," and the court expressed in plain terms that based principally on the government's proffer of evidence and notwithstanding the defendant's "misgivings" the court was "more than satisfied" that there was a factual basis for the plea. The court continues to be so satisfied.

Therefore, in accordance with the foregoing and the mandate of the Court of appeals, we will enter an order directing

---

**3.** This was five transcript pages and hardly more than two minutes after the "ambiguous" statements.

that the defendant be returned to this court for the reimposition of sentence.

An appropriate order will be entered.