UNITED STATES, Appellee

v

RICHARD LEE HOOK, Communication Yeoman Seaman Apprentice, U. S. Navy, Appellant

20 USCMA 516, 43 CMR 356

No. 23,778

April 16, 1971

*Commander Maitland G. Freed*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, *Commander Michael F. Fasanaro, Jr.*, JAGC, USN, and *Lieutenant James E. Akers*, JAGC, USNR, were on the pleadings for Appellee, United States.

### Opinion of the Court

DARDEN, Judge:

The appellant elected trial by special court-martial consisting of a military judge alone. Pursuant to his plea of guilty he was convicted of wrongful appropriation, for two periods of unauthorized absence, and for fourteen bad check violations. His sentence now comprises a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $85.00 per month for the same period, and reduction to the pay grade of E-1.

We need not pursue an apparent inconsistency between the plea and some of the statements at trial because a faulty guilty plea inquiry requires reversal of the findings and sentence.

Here, at the suggestion of trial defense counsel, the military judge informed Hook that a guilty plea "is equivalent to conviction" and that by the plea Hook waived several enumerated rights. A general discussion of the elements of the bad check offenses then ensued, followed by a more specific description of the elements constituting the wrongful appropriation and unlawful absence offenses. At this point in the trial, defense counsel took over the interrogation of the appellant. In a lengthy interrogation covering some twelve pages of the record, counsel elicited from Hook the factual basis for each of the bad check offenses. After brief questions by the military judge, defense counsel then proceeded to develop the factual basis for the remaining offenses. This inquiry covered another five pages of the record. After a discussion

concerning the authorized maximum punishment, the military judge asked Hook if he had questions regarding the sentence, if he had had ample time to discuss his case with counsel, if he was satisfied with counsel, if a pretrial agreement existed, and whether he desired to persist in his plea. When Hook indicated that he was satisfied to proceed, the military judge accepted the plea of guilty.

Appellate Government counsel maintain that the appellant's guilty plea was not rendered improvident by the assistance given him by counsel in establishing a factual basis for the plea because (1) the effect of a contrary holding would deprive Hook of his right to have assistance of counsel, (2) there is no constitutional requirement for a judge's personal interrogation of an appellant, and (3) the judge's personal interrogation is not required by military law. We disagree.

This appellant was tried August 11, 1970. Consequently, the requirements this Court promulgated in United States v Care, 18 USCMA 535, 541, 40 CMR 247 (1969), apply. This means that the record in this case:

". . . [M]ust reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge or the president has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge or president whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty."

In *Care* we emphasized that an explanation of the elements of an offense by defense counsel and his determination that there was a factual basis for a guilty plea did not relieve the military trial judge or the president of his responsibility of explaining the elements and determining the factual basis of the plea for the record. If the military judge or the president of a special court-martial does not personally discharge a responsibility of this type, we will reverse. United States v Care, supra; cf. United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969); United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969); and United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970).

Accordingly, the decision of the Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

No one reading this record can doubt that the accused was fully informed in open court of his right not to plead guilty, the elements of the offenses charged and of the consequences of a plea of guilty, and that he voluntarily and with full understanding of all that is involved in a plea of guilty entered such pleas. It exalts form over substance to invalidate the plea because the inquiry was not conducted exclusively by the judge; and it will result in an empty gesture of procedural nicety because the accused has a pretrial agreement to plead guilty and there is no indication he will not again avail himself of it. I would, therefore, affirm the decision of the United States Navy Court of Military Review.