UNITED STATES

v.

Private (E-1) Arthur L. GOODE, 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, US Army, Company C, 4th Battalion, 1st Advanced Individual Training Brigade, Fort Benning, Georgia.

SPCM 12419.

U. S. Army Court of Military Review.

Feb. 2, 1977.

CPT D. David Hostler, JAGC, LTC John R. Thornock, JAGC, COL Alton H. Harvey, JAGC, for accused.

CPT Denis L. Durkin, JAGC, CPT John F. DePue, JAGC, MAJ John T. Sherwood, Jr., JAGC, COL Thomas H. Davis, JAGC, for United States.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

OPINION

COOK, Senior Judge:

On 22 September 1976, appellant plead guilty to one specification of disrespect toward an officer and one specification of willful disobedience of an order, alleged as violations of Articles 89 and 90, Uniform Code of Military Justice (UCMJ) (10 U.S.C. §§ 889 and 890), respectively. The case was tried by a judge alone and appellant received the approved sentence noted above.

On 13 August 1976, in *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976), the United States Court of Military Appeals decreed:

"We, therefore, hold that as part of the *Care* inquiries conducted 30 days or more after the date of this opinion, the trial judge shall ascertain whether a plea bargain exists and, if so, shall conduct an

inquiry into the pretrial agreement in accordance with the *Elmore* guidelines previously enunciated. Inquiry into the actual sentence limitations specified in the plea bargain should be delayed until after announcing sentence where the accused elects to be sentenced by the military judge rather than a court with members. We will view a failure to conduct a plea bargain inquiry as a matter affecting the providence of the accused's plea after the implementation date of this opinion." (Footnotes omitted).

The "*Elmore*[1] guidelines previously enunciated" appear earlier in the *Green* decision and read as follows:

"[T]he trial judge must shoulder the primary responsibility for assuring on the record that an accused understands the meaning and effect of each condition as well as the sentence limitations imposed by any existing pretrial agreement. Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from the agreement with the consent of the parties.

In addition to his inquiry with the accused, the trial judge should secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain."

The case *sub judice* was tried over 30 days after the *Green* decision and is therefore unequivocally subject to its requirements.

█ A search of the record in this case fails to reveal any effort by the trial judge to secure the assurances of both counsel concerning the all-inclusiveness of the written terms of the pretrial agreement nor does it reveal any colloquy with those counsel involving an interpretive understanding of the plea bargain. As I construe the *Green* decision, these two inquiries are additional mandatory requirements to those earlier imposed by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Because this record is totally devoid of any [2] appearance of compliance with this injunction, as would be the case in other *Care* violations,[3] a rehearing is required.[4]

I also note that the *Green* requirement for the military judge to spread on the record that the accused understands the meaning and effect of the sentence limitations imposed by the pretrial agreement was not met in the instant case.

The sole inquiry by the judge of the appellant concerning the quantum portion of the agreement consists of the following:

"MJ: Now, Private Goode, there is another part of this agreement pertaining to sentence. Now I don't want to know what that portion of the agreement is, but what I'm asking you is do you know what it is?

ACC: Yes, sir.

MJ: Are you satisfied with it?

ACC: Yes, sir."

1. *United States v. Elmore*, 24 U.S.C.M.A. 81, 51 C.M.R. 254, 1 M.J. 262 (1976).

2. We recognize that minimal compliance would be acceptable. *See United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971); *United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971); *United States v. Wimberly*, 20 U.S.C.M.A. 50, 42 C.M.R. 242 (1970).

3. *United States v. Terry*, 21 U.S.C.M.A. 442, 45 C.M.R. 216 (1972); *United States v. Hook*, 20 U.S.C.M.A. 516, 43 C.M.R. 356 (1971).

4. " . . . a plea bargain inquiry is essential to satisfy the statutory mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made. *See* Article 45(a), Uniform Code of Military Justice, 10 U.S.C. § 845(a)." *United States v. Green, supra,* U.S.C.M.A. at 302, C.M.R. at 13, 1 M.J. at 456.

Even after the judge announced his sentence, and examined that part of the pretrial agreement pertaining to the sentence, he did not explore the matter further with appellant or his counsel. As stated earlier, this is, in my view, inadequate compliance with the dictates of *United States v. Green, supra.*

The findings of guilty and the sentence are set aside and a rehearing may be ordered.

DeFORD, Judge with whom Judge DRIBBEN joins, concurring in the result:

I agree with Judge Cook that the military judge failed to comply in three regards with the requirements set forth in *United States v. Green,* 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976). Judge Cook's opinion sets forth the requirements of that case.

Here, the military trial judge failed (1) to inquire of counsel and the accused with regard to whether the terms of pretrial agreement with the convening authority were all inclusive; (2) he did not inquire of the accused and counsel that the agreement comported with his understanding thereof; and, (3) he did not inquire as to the accused's understanding of the specific provisions of the sentence limitations approved by the convening authority. With regard to the military judge's second and third errors as enumerated above, I consider the judge's errors to be *de minimus* because he did review the quantum portion of the pretrial agreement after imposing sentence and ascertained to his own satisfaction that the plea bargain did not contain any matter which violated appellate case law or public policy. He did inquire of both counsel and the accused concerning their understanding of the conditions of the agreement and the sentence limitation and received on the record, their assurances that they understood the limitation on sentence, although not specifically inquiring into the actual limitation itself (suspension of confinement and forfeitures). The actual sentence limitation agreed upon by the parties is sufficiently simple that it is highly doubtful it could have been misunderstood under any circumstances.

With regard to the first enumerated error, I note that the so called "sub rosa" agreements not specifically enumerated in pretrial agreements are a rare exception rather than the rule in the cases that come before us. Nevertheless, they do occasionally occur. Where, as here, there is a procedural error, I believe the accused should have the burden of establishing that the error resulted in some form of prejudice to him before he can hope to receive any judicial benefit arising therefrom. In the case before us, counsel has not demonstrated any prejudice flowing from this error and I would normally be inclined to view this error as harmless but for the language used by the author judge in *United States v. Green, supra,* to wit: "We will view a failure to conduct a plea bargain inquiry as a matter affecting providency of the accused's plea after the implementation date of this opinion."

In view of the foregoing statement, I must reluctantly concur in the results reached by Judge Cook. However, I believe the Court of Military Appeals should reconsider the language quoted above and apply an approach similar to that which we suggested above.*

---

* Appellate courts must be arbiters of real issues. Prejudice should be readily ascertainable and tangible not fanciful or illusory.