**UNITED STATES**

v.

**Mark L. SWEET, 161–44–9761
Ensign (0–1), U.S. Navy.**

**NMCM 92 00601.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 16 Jan. 1993.

Decided 23 Sept. 1993.

LCOL Eugene P. Whetzel, USMCR, Appellate Defense Counsel.

LCDR Helen B. Thompson, JAGC, USN, Appellate Defense Counsel.

LT Richard J. Huber, JAGC, USNR, Appellate Government Counsel.

En Banc.

LAWRENCE, Judge:

## I.

Appellant pled guilty at a general court-martial to two specifications of indecent acts with a child under 16 years of age, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge sentenced him to be confined for 9 months, to forfeit all pay and allowances, and to be dismissed from the Naval Service. The convening authority approved the sentence but, in accordance with the pretrial agreement, suspended confinement in excess of 6 months. Before this Court, appellant assigned five errors.[1] We specified an additional issue,[2] and in his brief in response to the specified issue, the appellant sought to file a slightly reworded version as a sixth assigned error. We decide the issue as specified.

## II.

At the time of the offenses, appellant was a midshipman at the U.S. Naval Academy, having been frocked previously to Electrician's Mate Second Class after almost 2 years of enlisted service. At the Academy, he become friends with a local family. A 14–year–old girl in that family is the victim of the offenses which came to light after appellant graduated and entered active duty as a naval officer. Pursuant to plea negotiations, appellant waived the Article 32, UCMJ, 10 U.S.C. § 832, pretrial investigation in the case and pled guilty pursuant to a pretrial agreement which required him to enter into a stipulation of fact concerning the two offenses.

The providence inquiry was brief. It began with the military judge reading the elements of the offense, omitting the facts alleged in the specifications. He then explained the Article 134, UCMJ, 10 U.S.C. § 934, terminal element[3] and defined an indecent act. Appellant stated that he understood this advice. Next, the military judge was given a stipulation of fact by defense counsel. The two-page, single-spaced document is detailed, unambiguous, and free of any information that either contradicts appellant's admission of the elements or raises matter inconsistent with his pleas of guilty. Appellant signed the stipulation which contains his averment that the facts contained in it are true. On

---

1. I. APPELLANT'S PLEAS OF GUILTY ARE IMPROVIDENT IN THAT THE RECORD FAILS TO ESTABLISH AN ELEMENT OF THE OFFENSES AND THE REQUISITE FACTUAL PREDICATE.

II. THE CONVENING AUTHORITY ERRED BY ACTING TO APPROVE A DISMISSAL BASED UPON A RECORD LACKING ANY INDICATION OF RECEIPT OF A STAFF JUDGE ADVOCATE'S PRETRIAL ADVICE LETTER, PRIOR TO REFERRAL OF APPELLANT'S CASE TO TRIAL BY GENERAL COURT-MARTIAL.

III. THE CONVENING AUTHORITY HAS FAILED TO FOLLOW THE TERMS OF APPELLANT'S PRETRIAL AGREEMENT AND ITS INCORPORATED WAIVER OF AN INVESTIGATION UNDER ARTICLE 32, UCMJ.

IV. THE COURT–MARTIAL HAS NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATION AND FOOTNOTE OMITTED.)

V. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATIONS AND FOOTNOTE OMITTED.)

2. DOES THE PROVIDENCE INQUIRY CONTAIN AN ADEQUATE FACTUAL BASIS TO SUPPORT APPELLANT'S GUILTY PLEAS WHEN THE MILITARY JUDGE DID NOT ASCERTAIN FROM APPELLANT THAT THE FACTS CONTAINED IN THE STIPULATION OF FACT (DEFENSE EXHIBIT A) WERE TRUE, *SEE UNITED STATES V. CANTU,* 30 M.J. 1088, 1090 (N.M.C.M.R.1989); *UNITED STATES V. ENLOW,* 26 M.J. 940, 945 (A.C.M.R.1988), AND DID NOT DISCUSS THE FACTS CONTAINED IN THE STIPULATION WITH APPELLANT ON THE RECORD, *SEE UNITED STATES V. SAWINSKI,* 16 M.J. 808, 811 (N.M.C.M.R.1983)?

3. The terminal element is that, under the circumstances, appellant's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

the record, appellant said he understood or admitted that (1) the facts in the stipulation are deemed to exist and could not be contradicted by other facts, (2) the stipulation would not be accepted without his specific consent, (3) he had discussed the stipulation with his defense counsel, (4) the facts would be used to determine his guilt, (5) in entering into it he waived his rights against self-incrimination, to a trial of the facts, and to confront and cross-examine witnesses, (6) the stipulation would be considered in determining the providence of the plea, (7) the stipulation was an admission of guilt, (8) and he voluntarily offered to enter into the stipulation as part of plea bargain agreement negotiations. Appellant expressly consented to the admission of the stipulation.

After reading the stipulation, the military judge directed appellant's attention to it, and the following exchange occurred:

MJ: .... Ensign Sweet, Specification 1 and 2 allege that you committed certain acts. The Stipulation details those acts. For the record, do you admit that those acts were indecent? That is, that they were acts which manifested that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations?

ACC: Yes, sir.

Record at 21. The military judge then determined through brief questions followed by "yes" or "no" answers by appellant that the acts described in the stipulation were done without justification or excuse and without authority or permission from anyone. Appellant admitted that (1) at the time of the offenses he was not suffering from a mental disease or defect, (2) no one forced or coerced him into committing the acts, (3) he did not commit them to save himself or anyone else from serious bodily injury, and (4) if known, the acts would harm the reputation of the Naval Service and lower it in the public esteem.

After making minor changes in the specifications regarding the dates of the of-

fenses, the military judge then re-read the elements, this time adding specific facts. For Specification 1, the record contains the following dialogue:

MJ: .... That on or about June 1990, you committed a certain act upon the body of ... [victim] by caressing her breasts, caressing her vagina, and digitally penetrating her vagina;

Second, that ... [victim] was at the time not your spouse and under the age of 16;

Third, that your act was indecent;

Fourth, that you committed the act with the intent to gratify your lust, passion and sexual desires; and

Fifth, that under the circumstances, your conduct was of a nature to bring discredit upon the armed forces.

Do you honestly believe and admit that taken together those five elements correctly describe what you did?

ACC: Yes, sir, they do.

MJ: Do you believe that what you did is wrong?

ACC: Yes, sir, I do.

Record at 22–23. An identical explanation and inquiry, tailored to the facts in Specification 2, followed.

### III.

Appellant contends that his guilty pleas were improvident because they lack a factual basis in the record. This inadequacy allegedly results for two reasons: (1) the facts elicited from appellant on the record do not constitute a factual basis for the guilty pleas, and (2) the accompanying stipulation of fact may not form that basis because the military judge did not inquire into the underlying factual basis for the stipulation. We hold that a factual basis for appellant's guilty pleas was established by the combination of (1) appellant's admission under oath that the tailored elements of the offenses, read to appellant in court by the military judge, accurately describe what he did and (2) the military judge's acceptance of a detailed and easily understood stipulation of fact that was not inconsistent with the pleas of guilty. A military judge is not required in every case to ques-

tion the accused on the record to elicit oral statements of fact that simply repeat or paraphrase the facts contained in a stipulation of fact offered in support of guilty pleas before the judge may accept and consider the stipulation as part of the factual basis for those pleas. More detailed questioning of the accused is strongly encouraged, however, and may be required depending on the nature of the case and the contents of the stipulation.

■ We conclude that the military judge in this case could consider the stipulation of fact accompanying the providence inquiry in determining that a factual basis for the guilty pleas existed. The facts contained in the stipulation along with the inquiry of appellant on the record fully support the military judge's determination that a factual basis existed for those pleas.

### IV.

Article 45, UCMJ, 10 U.S.C. § 845, which contains rules for entry of pleas, does not explicitly require that a factual basis for guilty pleas be derived from the mouth of the accused. Congress did intend, however, that the President adopt the recommendations of the Keeffe report[4] concerning the procedure to be used when a guilty plea is entered. *United States v. Chancelor*, 16 U.S.C.M.A. 297, 299, 36 C.M.R. 453, 455, 1966 WL 4510 (1966); H.Rep. No. 491, 81st Cong., 1st Sess., at 23–24 (1949); S.Rep. No. 481, 81st Cong., 1st Sess., at 20–21 (1949). The Keeffe report recommended that the accused be advised that his guilty pleas would not be accepted unless he admitted doing the acts charged; it did not, however, propose a requirement that the accused provide a detailed factual basis for his guilty pleas on the record.

In *Chancelor*, the U.S. Court of Military Appeals expressed impatience because the armed forces had not adopted procedures to satisfy congressional intent that the Keeffe recommendations be implemented. Shortly thereafter, the U.S. Supreme Court issued two decisions regarding the acceptance of guilty pleas: *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Along with Article 45, these decisions are the basis for *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969), a case that was an "attempt to apply to military trials the same providency inquiry objectives enunciated by the Supreme Court of the United States ... [in] *McCarthy v. United States* and *Boykin v. Alabama*." *United States v. Burton*, 21 U.S.C.M.A. 112, 115, 44 C.M.R. 166, 169, 1971 WL 12477 (1971) (full citations omitted). *McCarthy* held that Federal Rule of Criminal Procedure 11 [hereinafter Rule 11] was intended to ensure that guilty pleas are entered voluntarily as required by the Due Process Clause of the Fifth Amendment. The Supreme Court concluded that because a guilty plea admits all elements of the offense to which the accused is pleading guilty, the guilty plea is not voluntary unless the accused "possesses an understanding of the law in relation to the facts." *Care*, 18 U.S.C.M.A. at 539, 40 C.M.R. at 251 (citing *McCarthy*, 394 U.S. at 466, 89 S.Ct. at 1170). *Boykin* extended this rule to state courts through the Due Process Clause of the Fourteenth Amendment and overturned a guilty plea in a trial "in which the judge asked no questions of the petitioner concerning his plea, and petitioner did not address the court." *Id.* (citing *Boykin*, 395 U.S. at 239, 89 S.Ct. at 1710).

*McCarthy* emphasized two requirements of Rule 11: (1) the trial judge must "inquire into the defendant's understanding of the nature of the charge and the conse-

---

**4.** Professor Arthur J. Keeffe of Cornell Law School was president of the General Court–Martial Review Board of the U.S. Navy from April 1946 to June 1947. The board reviewed over 2000 naval courts-martial and made recommendations for improvement of the court-martial system. *A Bill to Unify, Consolidate, Revise, and Codify the Articles of War, the Articles for the Government of the Navy, and the Disciplinary Laws of the Coast Guard, and to*

*Enact and Establish a Uniform Code of Military Justice: Hearings on H.R. 2498 Before the Subcomm. on Armed Forces*, 81st Cong., 1st Sess. 837–38 (statement of Prof. Arthur John Keeffe, of Cornell Law School).

quences of his plea," and (2) the judge must "satisfy himself that there is a factual basis for the plea." 394 U.S. at 467, 89 S.Ct. at 1171. As to the second requirement, which is at issue in this case, the Supreme Court noted that "the Advisory Committee [on the Federal Rules of Criminal Procedure] suggests three methods for determining that a factual basis exists for a guilty plea: (1) inquiring of the defendant; (2) inquiring of the prosecutor; (3) examining the presentence report." *Id.* at 463 n. 6, 89 S.Ct. at 1169 n. 6. Later, the Supreme Court reiterated that inquiry of the accused is only one method of establishing the factual basis for the guilty plea. *See Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).

In *Care*, the Court of Military Appeals found two primary deficiencies in the providence inquiry in that case: (1) the military judge did not explain the elements of the offense to the accused on the record, and (2) the military judge did not question the accused on the record to establish that a factual basis for the guilty pleas existed. To remedy these deficiencies and to preclude post-trial averments of innocence or misunderstanding of the nature of the offense, the Court set forth the prospective requirement that if the accused pleads guilty the record of trial must

> reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge or the president has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge or president whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty.... A military trial judge or a president personally addressing the accused to explain the elements of the offense with which he is charged and to question him about his actions and omissions should feel no obligation to apologize or to disclaim any intent that his actions reflect on the competence of the accused's counsel. We believe the

counsel, too, should explain the elements and determine that there is a factual basis for the plea but his having done so will not relieve the military trial judge or the president of his responsibility to do so on the record.

18 U.S.C.M.A. at 541, 40 C.M.R. at 253 (citations omitted). It is clear from *Care* and *United States v. Hook*, 20 U.S.C.M.A. 516, 43 C.M.R. 356, 1971 WL 12794 (1971) (determination of factual basis for guilty plea by defense counsel questioning of accused is impermissible), that the military judge must personally question the accused on the record to determine those acts or omissions that form the factual basis for the guilty plea. *Care* did not make clear, however, whether that inquiry was to be substantially different from that required in Rule 11.

The exact nature of the military rule for establishing the factual basis for guilty pleas was clarified in *United States v. Wimberly*, 20 U.S.C.M.A. 50, 42 C.M.R. 242, 1970 WL 7057 (1970). The Court stated that "[m]ilitary judges may employ different techniques in complying with the second *Care* requirement ... that the military judge question the accused about his actions and intentions in order to determine whether his actions constitute the offenses to which he is pleading guilty." 20 U.S.C.M.A. at 51, 42 C.M.R. at 243. In *Wimberly*, the trial judge tailored the elements of the offense of felony murder and the underlying offense of robbery by including the specific alleged facts that pertained to the charged offenses. The judge confirmed from the accused on the record that the accused understood the elements and had no questions about them and that the tailored elements accurately described what he did. The Court criticized the military judge's questions because they "tended to be long and to cover more than one action or element," 20 U.S.C.M.A. at 52, 42 C.M.R. at 244, noting that *Care* "contemplated a more segmented interrogation procedure with separate attention to the elements and to the facts." *Id.* Nevertheless, it held that the providence inquiry in *Wimberly* "marginally complie[d] with the

requirements of *Care* for interrogation about the actions constituting the offense." *Id.*

In *Wimberly*, a stipulation of fact accompanied the guilty pleas. Significantly, the stipulation asserted that a person other than the accused had shot the victim. Even in the face of this ambiguity, if not outright inconsistency, the Court referred back to the military judge's reading of that element of murder, which alleged that appellant was the killer, and the accused's in-court admission that the element accurately described what he did and concluded that the providence inquiry was sufficient.

■ The import of *Care* was further clarified in *United States v. Terry*, 21 U.S.C.M.A. 442, 45 C.M.R. 216, 1972 WL 14158 (1972), which involved an inquiry in which the military judge read the elements of the offense to the accused and only ascertained the accused's understanding of them. No stipulation of fact accompanied the guilty pleas. The Court reiterated that "*Care* has the same providency [sic] inquiry objectives as do *McCarthy v. United States* and *Boykin v. Alabama.*" 21 U.S.C.M.A. at 443, 45 C.M.R. at 217 (full citations omitted). The Court explained:

> In *Wimberly*, we held that *Care* standards were met because the military judge employed an interrogation technique that related Wimberly personally to the criminal act charged. Following the exchange in that case, Wimberly admitted to the military judge that the elements the judge had itemized "accurately described" what he did. A stipulation of fact reinforced the showing in the *Wimberly* record that the murder to which Wimberly pleaded guilty was the same one with which he was charged.

*Id.* We can only conclude from *Wimberly* and *Terry* that a factual basis for a guilty plea is established when the military judge reads tailored elements of the offense to the accused, the accused admits that those elements accurately describe what the accused did, and a stipulation of fact accompanies the inquiry. *Wimberly* and *Terry* remain binding precedent. *See United States v. Crouch*, 11 M.J. 128, 130 (C.M.A.

1981); *United States v. Silas*, 31 M.J. 829, 830 (N.M.C.M.R.1990); *United States v. Brown*, 30 M.J. 907, 911 (A.C.M.R.1990).

■ Certainly when *Wimberly* was decided, the inquiry and the stipulation in that case were sufficient to satisfy the mandate of Rule 11 for establishing the factual basis for the guilty pleas. *See Santobello v. New York.* The 1974 amendment of Rule 11 contained slightly different language from the previous iteration; however, the drafters of the rule wrote that as to the inquiry to establish a factual basis for a guilty plea "the draft does not specify that any particular type of inquiry be made," citing *Santobello.* Fed.R.Crim. Proc. 11 advisory committee's note on 1974 Amendment, *reprinted in* Fed.R.Crim. Proc. 11, 18 U.S.C.A. 347, 352 (West 1986). In the federal courts today, the factual basis may be established by stipulation. *See e.g., United States v. Martin*, 893 F.2d 73 (5th Cir.1990); *United States v. Griffiths*, 709 F.Supp. 1036 (D.Utah 1988). Unlike in courts-martial, it may also be shown by a proffer by the government, *see, e.g. United States v. Musa*, 946 F.2d 1297 (7th Cir.1991); *United States v. Manglitz*, 773 F.2d 1463 (4th Cir.1985); *Griffiths*, presentence reports or memoranda, *see, e.g., Christopher v. United States*, 541 F.2d 507 (5th Cir.1976); *Griffiths*, or even from the defendant's confession, *see Benson v. United States*, 552 F.2d 223 (8th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977). Because accused servicemembers may not plead nolo contendere or plead guilty while proclaiming innocence, these alternative methods of establishing a factual basis for guilty pleas have not been adopted for military practice. This general flexibility should continue to influence military practice, however, because the same Court that decided *Care* and *Wimberly* explained in *Burton* and *Terry* that *Care* was intended in large part to apply the policy objectives contained in *McCarthy*, a Rule 11 decision with constitutional underpinnings, to courts-martial.

■ Stipulations of fact commonly have been used in the providence inquiry since *Care*. *See e.g., United States v. Watruba*,

35 M.J. 488 (C.M.A.1992) (stipulation of fact introduced to support guilty pleas and to be considered on contested specification); *United States v. Banks*, 36 M.J. 1003 (A.C.M.R.1993) (evidence to support guilty plea to aggravated assault with HIV virus was testimony by accused and stipulation of fact). Under current procedures, not only must the military judge be satisfied that the parties consent to the admission of the stipulation, the judge should also inquire "to ensure that the accused understands the right not to stipulate, understands the stipulation, and consents to it." Manual for Courts–Martial, United States (MCM), 1984, Rule for Courts–Martial (R.C.M.) 811(c), Discussion. Once accepted, the parties are bound by a stipulation of fact unless the stipulation is withdrawn or stricken from the record. *United States v. Gerlach*, 16 U.S.C.M.A. 383, 385, 37 C.M.R. 3, 5, 1966 WL 4592 (1966). "[T]he Government is entitled to rely on, and have the benefit of, a stipulation of fact which was freely and knowingly entered into by appellant at trial" if it is admitted in support of guilty pleas and is "not inconsistent with facts developed during the providency inquiry." *United States v. Cannon*, 29 M.J. 549, 555 n. 4 (A.F.C.M.R.1989), *petition denied*, 30 M.J. 116 (C.M.A.1990). *See also United States v. Williams*, 6 M.J. 611, 613 (A.C.M.R.1978) ("In *Wimberly*, the record clearly reflected that the military judge explained the elements of the offense charged (felony murder) and the elements of the related offense of robbery, therefore, the stipulation of fact was used only in satisfying the requirement of *Care* for an interrogation into the facts of the offense.").

■ Nothing requires that during the providence inquiry the accused re-state the facts contained in a stipulation of fact before those facts may be considered as support for the guilty pleas. Essential facts may be established virtually exclusively from the stipulation without questioning the accused about its specific contents. For example, in *United States v. Roller*, 37 M.J. 1093 (N.M.C.M.R.1993) (en banc), this Court concluded that appellant's gross negligence resulted in the loss of national de-

fense information when a moving company employee discovered the information in appellant's household goods shipment. This essential fact was contained in a stipulation of fact that supplemented an extensive factual inquiry on the record, although the portion of the stipulation containing this information was not specifically addressed on the record by the military judge or the accused. The Court concluded that this fact could be considered in finding a factual basis for the guilty pleas.

Similarly, in *United States v. Brown*, 30 M.J. 907, 911 (A.C.M.R.1990), the accused pled guilty to possession of drugs with intent to distribute them. The military judge elicited from the accused on the record that he possessed the drugs and their quantity. Neither the military judge's questions nor the accused's responses addressed the accused's intent to distribute the drugs. The Court found that the providence inquiry met the standards of *Care*, writing:

> Although the military judge did not elicit from the mouth of the accused the magic words that appellant intended to distribute the cocaine he possessed, appellant was clearly advised of each of the elements of the offense, he admitted that those elements accurately described what he did, he acknowledged that everything in the stipulation was true, and candidly admitted that he possessed the cocaine and the marijuana in the amounts alleged. We hold, therefore, that the appellant's plea of guilty to possession with intent to distribute was provident and that all elements of said offense were sufficiently addressed by the military judge.

30 M.J. at 910–11 (citing *Wimberly* ).

■ Appellant asserted during oral argument that R.C.M. 910(e), a Presidential rule promulgated pursuant to Article 36, UCMJ, 10 U.S.C. § 836, requires that the factual basis for a guilty plea come from the accused on the record. The rule prohibits the acceptance of a guilty plea without the military judge "making such inqui-

ry of the accused as shall satisfy the military judge that there is a factual basis for the plea." The rule leaves substantial discretion to the military judge in satisfying this requirement. In this case, the military judge specifically found that the guilty pleas had a "proper basis." Record at 24. The Discussion does state that "the accused must be convinced of, and able to describe all the facts necessary to establish guilt." That language is contained, however, in a paragraph that relates to cases wherein the accused, due to intoxication or some other reason, cannot remember what occurred at the time and place of the offense but is convinced by statements, reports, or otherwise that he committed the offense. The Analysis to the rule cites three cases in support of this portion of the Discussion—each involves the procedure for accepting a guilty plea when the accused has no recollection of the offense. MCM, 1984, App. 21, R.C.M. 910(e), A21–53. Thus, R.C.M. 910(e), as explained in the Discussion, does not preclude consideration of the stipulation of fact in this case in determining whether there is a factual basis supporting the guilty pleas.

In the instant case, the elements read to appellant were more detailed and more clearly set out than those in *Wimberly,* and the military judge supplemented them with questions on the record about possible defenses or other facts that might constitute justification or excuse. Appellant stated that he understood the detailed elements of the offense and had no questions about them. He further admitted that the elements accurately described what he did, an admission that continues to provide substantial factual support for the guilty plea. *See United States v. Plante,* 36 M.J. 626 (A.C.M.R.1992); *Brown.* The stipulation in this case is more detailed than that in *Wimberly* and, unlike that in *Wimberly,* contains no inconsistencies with the guilty pleas. Appellant contends, however, that the inquiry into the factual basis for the guilty pleas is deficient based on *United States v. Sawinski,* 16 M.J. 808 (N.M.C.M.R.1983).

## V.

*Sawinski* involved a stipulation of fact containing "a tailored recitation of all the elements of each offense alleged and a 'factual confession' to each offense which set forth, with utmost particularity, virtually every fact which the Government would have been required to prove beyond reasonable doubt if trial had proceeded on the merits." 16 M.J. at 810. The accused "acknowledged his understanding of each ramification of the stipulation as explained, admitted to the truthfulness of its contents, and stated that he had read the stipulation, discussed it with his counsel and was entering into the stipulation voluntarily." *Id.* at 809–10. Thereafter, the military judge advised the accused "of the elements of the offenses to which pleas of guilty had been entered, sufficiently tailoring each element to the averred acts in each specification so as to relate [the accused] personally to the offenses charged." *Id.* at 810.

The *Sawinski* Court found this providence inquiry inadequate because it was based on a "stipulation of fact, received in evidence as an appellate exhibit as to which no questions concerning the substantive content of the stipulation were propounded." *Id.* at 809. The Court wrote further that a stipulation of fact

> in which even the most complete factual admissions of guilt are contained, *standing alone* and without any further inquiry by the military judge to relate an accused personally and factually with the stipulated matter or the offenses, is insufficient to meet the procedural requirement of *Care* to "personally address" an accused to ascertain the factual basis for a plea of guilty.

*Id.* at 811. We agree that the latter quoted language above sets forth a correct principle of law based on *Care* and its progeny.

In *Sawinski,* the Court stated that the military judge read the elements of the offense to which the accused plead guilty on the record, but it appears that the accused did not expressly admit on the record that those elements accurately described what he did. This omission is significant because such an admission was stressed in

*Wimberly* and continues to be emphasized as an important element in forming the factual basis for guilty pleas. Thus, because the essential facts in *Sawinski* are distinguishable from those of the instant case, *Sawinski* is not controlling.

## VI.

The instant case and others convince us that military judges are unsure of the procedure for admitting and considering stipulations of fact introduced in support of guilty pleas. Certainly, procedures currently in use are not uniform throughout our judicial circuits. Although the responsibility of an appellate court is generally to decide only the case before it, we consider it appropriate to provide some guidelines for the introduction of stipulations of fact in support of guilty pleas.

 First, we encourage the use of stipulations to support the factual basis for guilty pleas. Such stipulations are prepared out-of-court in a generally more relaxed atmosphere than that during trial. The accused and his counsel have ample opportunity to go over the contents of the stipulation to ensure factual accuracy, and counsel and the accused can carefully discuss applicable law in light of the stipulated facts. Stipulations prepared out-of-court facilitate the providence inquiry and result in the accused's enhanced understanding of the law as it relates to the facts.

 Second, if a stipulation is to be used during the providence inquiry, it should be given to the judge prior to trial so that the judge can carefully examine it to conform the recitation of the elements of the offense and any explanatory language

to the facts contained in the stipulation. This procedure has the added salutary result of giving the judge the opportunity to present to counsel the judge's opinion of the relationship between the law and the stipulated facts if the judge deems such action desirable.

 Third, trial judges have the discretion to expand the providence inquiry to ensure that the concerns of *Care* are met. Military trial judges should use their judgment, experience, and impressions of the accused in fashioning a meaningful providence inquiry that demonstrates that the accused understands the nature of the offense and establishes that a factual basis for the guilty pleas exists. Laudably, the great majority of military trial judges conduct an in-depth personal colloquy with the accused to determine the facts underlying the guilty pleas, requiring that the essential facts be stated on the record in the accused's own words. Such a procedure offers the best chance to discover and obviate misunderstandings regarding the law and potential inconsistencies with the guilty pleas. Unquestionably in this case, appellant, who is uncommonly well-educated and experienced in military matters, understood the nature of the offense and the relationship between the stipulated facts and the elements of the offense.[5] In cases involving more complicated offenses or less educated or sophisticated accuseds, military judges should expand or simplify their explanation of the law or go over the stipulation in depth to ensure the accused's understanding of the law in relation to the facts. Military judges who choose to establish a factual basis for a guilty plea by mirroring the inquiry in this case take the risk that the stipulation will later be found

---

5. *McCarthy* held that noncompliance with Rule 11 results in prejudice requiring that the case be returned to the trial court where the defendant has the opportunity to plead anew. 394 U.S. at 471–72, 89 S.Ct. at 1173–74. Congress amended the rule in 1983 to overturn this aspect of *McCarthy.* Fed.R.Crim.Proc. 11 advisory committee's note on 1983 Amendment, *reprinted in* Fed.R.Crim.Proc. 11, 18 U.S.C.A. 358, 361–363 (West 1986). Rule 11(h) now states that "[a]ny variance from the procedures required by this rule which does not affect substantial rights

shall be disregarded." This harmless error rule is not in conflict with Article 45(a), UCMJ, 10 U.S.C. § 845(a) and its adoption would accord with Articles 36(a) and 59(a), UCMJ, 10 U.S.C. §§ 836(a), 859(a). Certainly, in this case, any procedural error in establishing the factual basis for these guilty pleas is harmless beyond a shadow of a doubt. As an intermediate appellate court, however, we are without authority to adopt a harmless error rule in the face of existing precedent.

to be deficient in some respect with the result that the conviction is set aside. Minimal compliance with *Care* is not a proper goal for a military judge.

■ Fourth, in explaining the nature of the offense to which the accused has pled guilty, the military judge should tailor the elements of the offense to the acts alleged in the specification. In general, the judge should define and explain legal terms and phrases. In accordance with *Wimberly*, the judge should elicit on the record the accused's statement that he understands the elements and any explanatory advice and that the elements accurately describe what he did.

■ Fifth, in addition to satisfying the requirements of R.C.M. 811, the military judge should ensure on the record that the accused has read the stipulation, understands it, and agrees that the stipulated facts are true. If the stipulation contains ambiguous or conclusory language, the military judge must delve deeper to establish concrete facts to support the guilty pleas. For example, if the offense charged is dishonorable failure to maintain sufficient funds for payment of a check, and the stipulation contains only a conclusory statement that the accused's failure was dishonorable, the military judge must elicit from the accused the underlying facts that form the basis for this conclusion. Facts contained in the stipulation that raise potential inconsistencies with the guilty pleas must be resolved in the same manner as though they came from the accused's mouth on the record.

These guidelines meet the requirements of Rule 11 and should satisfy every requirement of Article 45(a), UCMJ, *McCarthy, Boykin, Care,* and *Wimberly.* Rather than being a retreat from *Care,* they set out procedures that ensure compliance with *Care,* procedures that derive from our many years of trial and appellate experience with thousands of providence inquiries.

## VIII.

We have considered the assigned errors and find no merit in them. Accordingly, the findings and sentence, as approved on review below, are affirmed.

Chief Judge LARSON, Senior Judges WELCH, ORR, REED, MOLLISON, JONES, and Judges HAMILTON, DeCICCO, and GUERRERO concur.