UNITED STATES, Appellee

v.

Mark L. SWEET, Ensign,
U.S. Navy, Appellant.

No. 94-5002.
CMR No. 92 0601.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 12, 1995.

Decided June 12, 1995.

For Appellant: *Lieutenant Commander Howard B. Goodman,* JAGC, USN (argued); *Lieutenant Commander Helen B. Thompson,* JAGC, USN (on brief).

For Appellee: *Lieutenant Brian B. Rippel,* JAGC, USNR (argued); *Colonel T.G. Hess,* USMC, and *Commander S.A. Stallings,* JAGC, USN (on brief); *Colonel J. Composto,* USMC.

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was found guilty of committing indecent acts with a child (2 specifications), in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to dismissal, 9 months' confinement, and total forfeitures. The convening authority approved the sentence but pursuant to a pretrial agreement suspended confinement in excess of 6 months. The Court of Military Review[1] affirmed the findings and sentence. 38 MJ 583 (1993) (en banc). Upon a defense request, the following issue was certified[2]:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW CORRECTLY HELD THAT A FACTUAL BASIS FOR A GUILTY PLEA CAN BE PROPERLY ESTABLISHED WHEN THE MILITARY JUDGE READS TAILORED ELEMENTS TO THE OFFENSE TO THE ACCUSED, THE ACCUSED ADMITS THAT THOSE ELEMENTS ACCU-

[1] *See* 41 MJ 213, 229 n. * (1994).

[2] We also granted review (39 MJ 427) of the issue resolved in favor of the Government in *United States v. Mitchell,* 39 MJ 131 (CMA), *cert. denied,* —— U.S. ——, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994).

RATELY DESCRIBE WHAT THE ACCUSED DID, AND A CONFESSIONAL STIPULATION SUPPORTS THE INQUIRY.

## FACTS

The military judge advised appellant as follows: His guilty plea admits every element of the offenses and authorizes a conviction without further proof; the plea authorizes imposition of the maximum punishment; and the plea of guilty waives the right against self-incrimination, the right to trial by court-martial on the merits, and the right to confrontation.

Appellant was placed under oath. The judge inquired into the pretrial agreement. He advised appellant of the five elements of committing indecent acts with a child. *See* para. 87b(1), Part IV, Manual for Courts-Martial, United States, 1984. He further defined the term "indecent act." *See* para. 90c, Part IV, Manual, *supra.*

The defense introduced defense exhibit A signed by appellant, his defense counsel, and the prosecutor. The judge characterized this exhibit as a "confessional stipulation." Upon questioning by the judge, appellant testified that he had discussed the stipulation with his defense counsel and that he realized that the facts contained in the stipulation could be taken into account in determining his guilt and could be considered during sentencing. He acknowledged that the stipulation was an admission of his guilt and that the stipulation was entered into voluntarily and offered as part of the pretrial agreement. The judge then read the exhibit and asked appellant:

Ensign Sweet, Specification 1 and 2 allege that you committed certain acts. The Stipulation details those acts. For the record, do you admit that those acts were indecent? That is, that they were acts which manifested that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations?

Appellant replied, "Yes, sir," and admitted under oath that he had no legal justification or excuse for committing the acts. The judge advised appellant of the elements of specification 1 as follows:

That on or about June 1990, you committed a certain act upon the body of [MK] by caressing her breasts, caressing her vagina, and digitally penetrating her vagina;

Second, that [MK] was at the time not your spouse and under the age of 16;

Third, that your act was indecent;

Fourth, that you committed the act with the intent to gratify your lust, passion and sexual desires; and

Fifth, that under the circumstances, your conduct was of a nature to bring discredit upon the armed forces.

Next the judge advised him of the elements of specification 2 as follows:

First, that on or about June 1990, after the time of the first specification, you committed a certain act upon the body of [MK] by caressing her legs, caressing her vagina, and digitally penetrating her vagina;

Second, that [MK] was at the time not your spouse and was under the age of 16;

Third, that your act was indecent;

Fourth, that your act was committed with the intent to gratify your lust, passion and sexual desires; and

Fifth, that under the circumstances, your conduct was of a nature to bring discredit upon the armed forces.

Appellant admitted that these elements correctly described his conduct. Upon being reminded of the forfeiture of his constitutional rights, appellant testified that he still desired to plead guilty. The judge accepted the pleas of guilty and found appellant guilty.

## DISCUSSION

Article 45(a), UCMJ, 10 USC § 845(a), provides that if the accused "sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently," the plea of guilty should be set aside and a plea of not guilty entered. *See United States v. Care*, 18 USCMA 535, 541, 40 CMR 247, 253 (1969), which requires the judge to explain to the accused every element of the offense charged and make a factual inquiry.

In *Care* Judge Darden stated what else must be done:

> Further, the record must also demonstrate the military judge ... personally addressed the accused, advised him that his plea waives his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him; and that he waives such rights by his plea.

18 USCMA at 541, 40 CMR at 253.

The requirements of *Care* have been codified in RCM 910, Manual, *supra*, which provides:

> (c) *Advice to accused.* Before accepting a plea of guilty, the military judge shall address the accused personally and inform the accused of, and determine that the accused understands, the following:
>
> (1) The nature of the offense to which the plea is offered, the mandatory minimum penalty, if any, provided by law, and the maximum possible penalty provided by law;
>
> * * *
>
> (2) In a general or special court-martial, if the accused is not represented by counsel, that the accused has the right to be represented by counsel at every stage of the proceedings;
>
> * * *
>
> (3) That the accused has the right to plead not guilty or to persist in that plea if already made, and that the accused has the right to be tried by a court-martial, and that at such trial the accused has the right to confront and cross-examine witnesses against the accused, and the right against self-incrimination;
>
> (4) That if the accused pleads guilty, there will not be a trial of any kind as to those offenses to which the accused has so pleaded, so that by pleading guilty the accused waives the rights described in subsection (c)(3) of this rule; and
>
> (5) That if the accused pleads guilty, the military judge will question the accused about the offenses to which the accused has pleaded guilty, and, if the accused answers these questions under oath, on the record, and in the presence of counsel, the accused's answers may later be used against the accused in a prosecution for perjury or false statement.
>
> * * *
>
> (d) *Ensuring that the plea is voluntary.* The military judge shall not accept a plea of guilty without first, by addressing the accused personally, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement under RCM 705. The military judge shall also inquire whether the accused's willingness to plead guilty results from prior discussions between the convening authority, a representative of the convening authority, or trial counsel, and the accused or defense counsel.
>
> (e) *Determining accuracy of plea.* The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea. The accused shall be questioned under oath about the offenses.

The defense argues that the military judge did not make an "inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." RCM 910(e).

We acknowledge that a more detailed inquiry in many instances may be advisable *or even necessary* in order to resolve questions surrounding the providence of pleas. Here, however, we take into consideration that appellant is an officer who was represented by qualified counsel, that appellant agreed to a stipulation of fact which describes his criminal acts in detail, and that his "yes" and "no" answers to the military judge's inquiry responded to questions of fact and not conclusions of law. Thus, we are persuaded to agree with the Court of Military Review that the "facts contained in the stipulation along with the inquiry of appellant on the record fully support the military judge's determination that a factual basis existed for those pleas." 38 MJ at 587. We therefore hold

that the military judge's inquiry satisfied the requirements of *Care* and RCM 910.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges COX, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (concurring in the result):

I would affirm the decision below on the basis of the excellent 10–0 en banc decision of the United States Navy–Marine Corps Court of Military Review in this case, 38 MJ 583 (1993), and the decision of this Court in *United States v. Wimberly*, 20 USCMA 50, 42 CMR 242 (1970).