# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JONATHAN P. DOUANGDARA**
**United States Army, Appellant**

ARMY 20240115

Headquarters, U.S Army Maneuver Center of Excellence
Pamela L. Jones, Military Judge
Lieutenant Colonel John C. Olson, Jr., Special Trial Counsel

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Captain Andrew W. Moore, JA (on brief and reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Marc B. Sawyer, JA (on brief).

28 October 2025

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MORRIS, Senior Judge:

Appellant downloaded child pornography to his phone at the beginning of high school. Those same illicit files remained on his phone, unbeknownst to him, as he enlisted in the Army and arrived at Fort Benning several years later. Evidence of his possession was eventually uncovered after the images were uploaded, by means not established in the record, to a Google Drive account associated with appellant. Based on these facts, appellant entered a plea of guilty to wrongfully possessing child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [UCMJ].

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea. The military judge sentenced appellant to a bad-conduct discharge, six months of confinement, and reduction to the grade of E-1.

Appellant now contends the military judge erred in accepting his plea without first resolving whether appellant knowingly possessed the child pornography while on active duty. We agree.[1]

## BACKGROUND

The investigation into appellant began in March 2023 when law enforcement was notified by an external agency that an IP address on Fort Benning, Georgia, had been used to upload five suspected images of child sexual abuse material to a Google Drive account, which was subsequently traced to appellant. Appellant's cell phone was shortly thereafter lawfully seized and examined, resulting in the discovery of child pornography. Appellant was charged with wrongfully possessing child pornography "between on or about 8 October 2021," around the time he first arrived to his unit "and on or about 20 March 2023," the date the images were uploaded to Google Drive.

At appellant's ensuing guilty plea, the military judge confirmed the phone seized belonged to appellant, that he had sole access and control over it, and that he had intentionally downloaded the child pornography. The military judge then asked:

MJ: How long did you keep the images on your cell phone?

ACC: Since beginning of high school, Your Honor.

. . .

MJ: And your position is that you had it for – you said since you were in high school?

ACC: Yes, Your Honor.

MJ: Why did you keep it?

ACC: I just forgot about it, Your Honor.

MJ: Did you ever watch it?

. . .

ACC: . . . I did look at it, Your Honor, back in high school, but after the fact, I didn't, Your Honor.

---

[1] The Judgment of the Court, dated 4 January 2024, is corrected to reflect an "ACCA Case Number" of "20240115".

2

When asked by the military judge to further explain how he had "intentionally possessed the child pornography," appellant responded, "Cause I never deleted it, Your Honor."[2] Further discussion on the subject largely mirrored these exchanges.

Prior to the military judge accepting his plea, appellant conceded that he could have avoided possessing child pornography if he wanted to, could have deleted the files off his phone, and that his possession and retention of the files were done "voluntarily and intentional[ly.]"

No further information was elicited regarding how the files had been uploaded to Google Drive[3] – the event that precipitated the investigation and eventual prosecution. This omission was seized upon by both parties during sentencing. The government argued:

> [T]he defendant stated that he had downloaded these images and videos years ago and had simply forgotten they were on his devices. But that's simply not true. In the stipulation of fact, he agrees that they were uploaded to his Google Drive around 20 March 2023.[4] So they were actively being accessed. . . . And while [appellant] is pleading guilty[, h]e also stated today that he has not viewed these images or videos since he was in high school, which is just patently not true. Those images were uploaded which he stipulated to his Google drive on or about March of 2023.

Defense countered:

> [W]e're talking about a guy who had some stuff from high school and just had it on his phone. And then it got up on his Google Drive. And the government wants the court to believe that he knew that was on

---

[2] Appellant subsequently acknowledged the images were downloaded "in a permanent format, meaning they didn't automatic[ally] delete[.]"

[3] The only reference during providence as to how the images were uploaded came when the military judge asked appellant, "And you stated earlier you uploaded digital images – ". Appellant rejected the premise of the military judge's question and responded: "I *downloaded*, Your Honor." (emphasis added). Appellant then discussed with the military judge how and from where he downloaded the charged images.

[4] The stipulation noted that an external agency "received information that an IP Address located on then-Fort Benning, Georgia, was used to upload five (5) images of apparent Child Sexual Abuse Material (CSAM) to [a] . . . Google Drive account associated with [appellant] . . . ."

DOUANGDARA – ARMY 20240115

there because he uploaded it, right? Well, we don't have any idea how those images got on Google Drive. We don't know if it was an automatic backup. We don't know if he just backed up his whole phone on Google Drive and those just happened to get on there.[5]

The military judge did not re-open providence and subsequently sentenced appellant as noted above.

## LAW AND DISCUSSION

"During a guilty plea inquiry, the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). "A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea – an area in which we afford significant deference." *Inabinette*, 66 M.J. at 322 (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)). As such, we will only set aside an appellant's plea if the record as a whole demonstrates "'a substantial basis' in law and fact for questioning the guilty plea." *Prater*, 32 M.J. at 436. "Mere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea." *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996) (internal citation omitted).

To be found guilty of possessing child pornography, an appellant must "knowingly and wrongfully possess[] . . . child pornography . . . ." *Manual for Courts-Martial, United States* (2019 ed.) [*MCM*], pt. IV, ¶ 95.b.(1)(a). The possession must be both "knowing and conscious." *Id.* at pt. IV, ¶ 95.c.(8); *see also United States v. Forester*, 76 M.J. 479, 486 (C.A.A.F. 2017).

This is not the first time we have confronted this particular issue. In *United States v. Haddock*, appellant downloaded child pornography when he was approximately fourteen-years-old and retained the images in a separate folder within a larger folder containing other pornography. ARMY 20041319, 2007 CCA LEXIS 600, at *2 (Army Ct. Crim. App. 16 Feb. 2017) (mem. op.). The child pornography was discovered approximately five years after appellant last viewed the images, and after he had entered onto active duty, when he shared the larger folder with another soldier. *Id.*, at *3. Despite appellant's assertion that he had forgotten the larger

---

[5] We note that the court-martial transcript contained multiple scrivener's errors. As such, the language contained in this paragraph is from the audio file contained in the record.

4

folder contained child pornography, the military judge accepted appellant's plea after appellant acknowledged:

> (1) he knew he downloaded everything contained in his larger pornography folder . . .; (2) he knew at one time in the past that his pornography folder contained child pornography; and (3) had he been asked about the subfolder . . . he would have remembered it contained child pornography.

*Id.*, at *5. Notwithstanding these concessions, this court set aside appellant's conviction in *Haddock*. *Id.*, at *8.

Similar to *Haddock*, we do not find an adequate factual basis to support appellant's plea. Appellant's assertions that he downloaded the charged files in high school, had not viewed them since, and had forgotten they remained on his phone went unclarified during the providence inquiry and unchallenged by the government, except in argument. Given the sizable gap in time that existed between when appellant began high school, when he stated he downloaded and last viewed the child pornography, and the earliest charged date of possession, the military judge should have inquired further. The military judge should also have inquired into the defenses of mistake or accident. Nothing in the record suggests appellant definitively knew child pornography was on his phone during the charged time frame; the stipulation of fact merely states the files *were* uploaded, not how or by whom. The conclusory facts in the stipulation and appellant's conclusory statements at the end of the inquiry are inadequate to overcome this deficiency. *See Outhier*, 45 M.J. at 331.

The military judge abused her discretion in accepting appellant's plea to possessing child pornography.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are SET ASIDE. A rehearing is authorized.

Judge JUETTEN and Judge MURDOUGH concur.

MURDOUGH, Judge, concurring:

I agree with and join the majority opinion in full. The record in this case presents a substantial basis to question the providence of appellant's guilty plea, specifically that his possession of child pornography was knowing and conscious during the charged timeframe (and, indeed, at any point he was subject to military jurisdiction). I write separately to highlight a particular deficiency in the record that

5

commonly occurs in child pornography cases like this one, specifically the stipulation of fact.

In assessing the providence of a guilty plea, both a trial judge and an appellate court may consider both the inquiry between the accused and military judge and the stipulation of fact (if present). *E.g.*, *United States v. Sweet*, 42 M.J. 183, 185-86 (C.A.A.F. 1995) (internal citation omitted); *see also United States v. Nance*, 67 M.J. 362, 366 (C.A.A.F. 2009). A stipulation can provide an adequate factual basis to support a plea, even if the inquiry by itself does not. But if the stipulation does not adequately establish the elements of the offense, it cannot salvage a deficient inquiry.

The stipulation of fact in this case exemplifies a trend that, in my view, is particularly prolific in child pornography cases, in that it focuses far more on the investigative history of the case than the elements of the offense. This stipulation extensively details how law enforcement agent received a CyberTip report from the National Center for Missing and Exploited Children, how the agent obtained a subpoena and what the results of the subpoena were, how the agents used the IP address and other information to identify the appellant, how the agents then seized the appellant's phone "pursuant to a valid search authorization" and so forth.[6] Yet at no point in the stipulation does the appellant admit to facts that show he knowingly and consciously possessed child pornography during the charged time periods.[7] He stipulates that he *told law enforcement during an interview* that he knowingly possessed child pornography, but does not then stipulate to the truth of that prior statement or elaborate on what he said in the interview to indicate whether or how he knew he possessed it during the charged timeframe. And, as the majority points out, he stipulated to the passive voice statement that "an IP Address . . . *was used* to upload five (5) images of *apparent* Child Sexual Abuse Material . . . ." (emphasis added) to a Google Drive, but never stipulated that he was the one to upload it – and in argument, his defense counsel argued against drawing that inference.

---

[6] The stipulation also provides detailed descriptions of the videos and images at issue, in lieu of attaching the actual material to the record, a practice we have repeatedly and wholeheartedly endorsed, most recently in *United States v. Johnson*, __ M.J. __, 2025 CCA LEXIS 430 (Army Ct. Crim. App. 5 Sep. 2025).

[7] The closest the stipulation comes is a statement that "On 24 August 2023 [the date of the search, more than five months after the charged time frame], [appellant] possessed the above cell phone. . . . During this time the Accused possessed Child Pornography on the cell phone. These acts were wrongful, knowingly done, and without any lawful justification."

6

In short, appellant undoubtedly established that child pornography existed on his phone. However, the stipulation fails to resolve the question unresolved by the providence inquiry, namely whether he knowingly and consciously possessed it during the charged timeframe.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court