# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, MAGGS[*]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant WILLIAM L. KNIGHT JR.**
**United States Army, Appellant**

ARMY 20130432

Headquarters, I Corps
David L. Conn, Military Judge (arraignment)
Brad Bales, Military Judge (trial)
Colonel William R. Martin, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee:  Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Major Daniel M. Goldberg, JA (on brief).

17 June 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of possession of child pornography and one specification of wrongfully soliciting another to sexually contact a dog, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty-six months, and reduction to the grade of E-1.  The convening authority reduced the confinement by five days for post-trial delay but otherwise approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises one assignment of error, which merits discussion and relief.  We find an additional issue which also merits discussion and relief.

---

[*] Judge MAGGS took final action in this case while on active duty.

**BACKGROUND**

Appellant was charged with and convicted of three specifications of possessing child pornography, conduct which "was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed services." During the providence inquiry concerning these specifications, the military judge properly explained all of the elements of this particular crime and correctly defined all relevant terms. For each specification, appellant provided an adequate factual basis as to his knowing and wrongful possession of child pornography.

After providing a basis for each specification (which *did not* include any discussion or exposition of facts as to whether appellant's misconduct had impacted good order and discipline in the military or tended to harm the service's public reputation) the military judge asked, "And do you agree that your conduct is prejudicial to good order and discipline in the Armed forces and is also of a nature to bring discredit upon the Armed forces?" To which, appellant simply replied each time, "Yes, sir." Again, for each specification, when asked upon the heels of this sole query regarding the terminal element and appellant's one-word affirmation, both parties responded that no further inquiry into these offenses was needed, at least not with respect to the aspect of why or how appellant's conduct was prejudicial to good order and discipline or service discrediting. The stipulation of fact contains no further elaboration with respect to the Article 134, UCMJ, terminal element beyond the bald assertion, "The possession of child pornography was prejudicial to good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces."

The other Article 134, UCMJ, offense charged appellant with soliciting his wife to masturbate the family's male dog. The providence inquiry with respect to the terminal element of this offense mirrored the previous discussions and was equally anemic. Furthermore, appellant asserts the military judge failed to elicit a factual basis establishing that the solicitee, appellant's wife, appreciated that she was being invited to join a criminal plan, scheme, or venture. This understanding on the part of the one being solicited is essential to the crime of solicitation charged under Article 134, UCMJ. *See United States v. Higgins*, 40 M.J. 67, 68-69 (C.M.A. 1994). The government concedes that the providence inquiry into the solicitation charge (specifically regarding the aspect of whether appellant's wife knew she was being asked to enter into a criminal venture) was deficient and agrees that conviction should be set aside.

**LAW AND DISCUSSION**

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008)

(citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Inabinette*, 66 M.J. at 322.

It may be tempting to simply acknowledge that crimes such as the possession of child pornography are intuitively, inherently, or per se prejudicial to good order and discipline or service discrediting. However, it is well established that the terminal element "cannot be conclusively presumed from any particular course of action," even deplorable behavior such as that charged and admitted to here. *United States v. Phillips*, 70 M.J. 161, 165 (C.A.A.F. 2011); *see also United States v. Fosler*, 70 M.J. 225, 229-31 (C.A.A.F. 2011) (determining that an accused cannot be convicted under Article 134 only for committing the misconduct in question—that misconduct must also be proven to satisfy the terminal element). While appellant did agree that his possession of child pornography was prejudicial and discrediting, his "Yes, sir" responses to "questions put to him as to whether his conduct was prejudicial to good order and discipline or service discrediting" were "mere conclusions of law recited by [him that] are insufficient to provide a factual basis for a guilty plea." *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2002) (quoting *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996)).

In this case, the military judge did not elicit an adequate factual basis during the colloquy with appellant to support his plea that his possession of child pornography as well as his solicitation of his wife to make sexual contact with a dog was either prejudicial to good order and discipline or service discrediting. Nor does the stipulation of fact satisfy the providency requirement for either clause of the terminal element. *Compare United States v. Sweet*, 42 M.J. 183, 185 (C.A.A.F. 1995).

Therefore, on the record before us and in light of the government's concession, we find a substantial basis in fact to question appellant's guilty plea to all offenses.

## CONCLUSION

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority. *See generally* R.C.M. 810. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside the findings and sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

3

KNIGHT—ARMY 20130432

Senior Judge COOK and Judge MAGGS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court