# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and WEIS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOSE I. AYALA**
**United States Army, Appellant**

ARMY 20130610

Headquarters, Joint Readiness Training Center and Fort Polk
Randall Fluke, Military Judge
Colonel Samuel A. Schubert, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Aaron R. Inkenbrandt, JA; Captain Nicholas J. Larson, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Major A.G. Courie III, JA; Captain James P. Curtin, JA (on brief).

22 July 2015

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOK, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of attempting to remove property to prevent its seizure, conspiracy to commit housebreaking, conspiracy to obstruct justice, failure to go to place of duty (four specifications), willfully disobeying a noncommissioned officer, false official statement  (three specifications), wrongful possession of marijuana, wrongful use of marijuana (two specifications), larceny (five specifications), housebreaking (five specifications), obstructing justice, and soliciting another to remove property to prevent its seizure, in violation of Articles 80, 81, 86, 91, 107, 112a, 121, 130, and 134, Uniform Code of Military Justice [hereinafter UCMJ],

---

[1] Judge WEIS took final action in this case while on active duty.

AYALA—ARMY 20130610

10 U.S.C. §§ 880, 881, 886, 891, 907, 912a, 921, 930, and 934 (2012).[2]  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine years and reduction to the grade of E-1.  The convening authority, pursuant to a pretrial agreement, only approved only so much of the sentence that included a bad-conduct discharge, confinement for four months, and reduction to E-1.

Appellant's case is now pending review before this court pursuant to Article 66, UCMJ.  Appellant raises numerous assignments of error, several of which merit discussion and relief.

## BACKGROUND

In addition to his wrongful possession and use of marijuana and his repeated failures to report for duty, the gist of appellant's misconduct involved: (1) reaching an agreement with two soldiers to break into other soldiers' rooms in order to steal property; (2) repeatedly breaking into these rooms and stealing property; (3) reaching an agreement with a co-conspirator to remove evidence of the crimes; and (4) making false statements concerning his crimes.  This misconduct generated seven other charges and nineteen specifications.

## LAW AND DISCUSSION

### 1.  Unreasonable Multiplication of Charges

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."  Rule for Courts-Martial 307(c)(4).  The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion."  *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001); *see also United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012).  In *Quiroz*, our superior court adopted five factors to guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;

---

[2] A fifth specification of failure to go to place of duty was dismissed at trial.  The convening authority disapproved the findings of guilty to three of the larceny specifications and dismissed those specifications, leaving two convictions for larceny.

2

AYALA—ARMY 20130610

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. 338-39 (internal quotation marks and citation omitted).

a. *Attempt to Remove Property to Prevent its Seizure and Obstruction of Justice; Conspiracy to Obstruct Justice and Solicitation to Remove Property to Prevent its Seizure*

Appellant stands convicted of both an attempt to remove property to prevent its seizure under Article 80, UCMJ, and obstruction of justice pursuant to Article 134, UCMJ for the same act—that is, a co-conspirator's attempt to remove evidence of stolen items from appellant's room. Appellate defense counsel asserts that these two convictions represent an unreasonable multiplication of charges (UMC). The government concedes this point and recommends we set aside the conviction for the Article 80 offense.

While we accept this concession, we note that during the providence inquiry, the military judge did not identify this specification as an attempt to remove property to prevent its seizure, but rather as an offense alleging "attempted obstruction of justice." He thereafter covered elements applicable to both of these underlying offenses enumerated in Article 134, UCMJ, but failed to list the terminal element and failed to cover the terminal element with appellant during the subsequent colloquy. This sequence of errors would have also led to our setting aside and dismissing the conviction for attempted removal of property to prevent seizure specification. *See United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012); *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011); *United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

Appellant is also currently convicted of a conspiracy to obstruct justice and solicitation to remove property to prevent its seizure for the identical act of directing the same co-conspirator, Private (PVT) AC, to remove evidence from appellant's room. Appellate defense counsel claims that these two convictions represent a UMC while the government contests this characterization. In deciding this issue in favor of appellant we find the second, third and fifth *Quiroz* factors weigh heavily in his favor.

3

Although appellant did not raise a UMC objection at trial and this additional Article 134 offense did not unreasonably increase his punitive exposure, these charges are aimed at the same criminal act and charging appellant twice for the exact same misconduct exaggerates his criminality under these circumstances. To the extent we have found three instances of UMC in appellant's case, we also find that the prosecution overreached in drafting this particular charge sheet. We address this issue in our decretal paragraph by setting aside the finding and dismissing the Article 134, UCMJ offense of soliciting another to remove property to prevent its seizure.

b. *False Official Statements made at the same time to the same Noncommissioned Officer*

As found in the stipulation of fact and adduced during the providence inquiry, Specifications 1 and 2 of Charge VI allege two separate false statements made by appellant's accomplice, PVT AC, to Sergeant KF upon PVT AC being caught coming out of appellant's room. Government counsel concedes that these two false official statements "were not distinct criminal acts for the purpose of [a] *Quiroz* analysis" and recommends merging these two specifications for findings. We agree with government counsel and will take appropriate action in our decretal paragraph.

*2. Adequacy of Providence Inquiry to Support Appellant's Plea to Obstruction of Justice*

Appellate defense counsel challenges both Article 134, UCMJ, convictions, alleging the military judge failed to elicit an adequate factual basis to support appellant's plea that his misconduct was either prejudicial to good order and discipline or service discrediting. Because we have already disposed of one of these specifications (the solicitation offense), we will limit our review to the remaining Article 134 offense of obstruction of justice.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *Inabinette*, 66 M.J. 320, 321–22 (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a "substantial basis in law or fact for questioning the [guilty] plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *Inabinette*, 66 M.J. at 322.

As we have recently noted in *United States v. Knight*, ARMY 20130432, 2015 CCA LEXIS (Army Ct. Crim. App. 17 June 2015) (summ. disp.), it can be tempting

to simply acknowledge some misconduct is intuitively, inherently, or per se prejudicial to good order and discipline or service discrediting. Appellate government counsel basically advocates we adopt this approach. However, it is well established that the terminal element "cannot be conclusively presumed from any particular course of action," even deplorable behavior such as that charged and admitted to here. *United States v. Phillips*, 70 M.J. 161, 165 (C.A.A.F. 2011); *see also Fosler*, 70 M.J. 225, 229-31 (determining that an accused cannot be convicted under Article 134 only for committing the misconduct in question—that misconduct must also be proven to satisfy the terminal element).

While appellant agreed that his conduct of trying to impede an investigation was prejudicial and discrediting, his "Yes, sir" response to a single "question[] put to him as to whether his conduct was prejudicial to good order and discipline or service discrediting" was a "'mere conclusion[] of law recited by [him that is] insufficient to provide a factual basis for a guilty plea.'" *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2002) (quoting *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996)).

In this case, the military judge did not elicit an adequate factual basis during the colloquy with appellant to support his plea that his effort to obstruct justice was either prejudicial to good order and discipline or service discrediting. The stipulation of fact similarly fails to satisfy the providency requirement for either clause of the terminal element. *Compare United States v. Sweet*, 42 M.J. 183, 185 (C.A.A.F. 1995).

Therefore, on the record before us, we find a substantial basis in fact to question appellant's guilty plea to the Article 134 offense of obstruction of justice.

## CONCLUSION

The findings of guilty of the Specification of Charge II and Charge II are set aside, and that specification and charge are DISMISSED.

The findings of guilty of Specifications 1 and 2 of Charge V and Charge V are set aside and those specifications and charge are DISMISSED. Furthermore, Specifications 1 and 2 of Charge VI are consolidated into a single amended specification to read as follows:

> In that [Appellant], U.S. Army, did, at or near Fort Polk, Louisiana, on or about 28 December 2012, with the intent to deceive, make to Sergeant K.F., U.S. Army, an official statement, to wit: "the phones in the I-Phone box are mine," or words to that effect, and "I am getting hair clippers that belong to me," or words to that effect, in response to the

question, "what are you doing in this room," which statement
was totally false and was then known by [Appellant]
to be so false.

The findings of guilty of this consolidated specification of Charge VI and Charge VI are AFFIRMED. The finding of guilty of Specification 2, Charge VI is set aside and that specification is DISMISSED.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Second, the gravamen of appellant's misconduct remains the same. In addition, appellant was sentenced by a military judge and based on our experience we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence and the entire record, the sentence is AFFIRMED. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Judge HAIGHT and Judge WEIS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court